UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS B.,

                        Plaintiff,

            v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant

_____

**DECISION AND ORDER**

1:22-CV-00153 CDH

## INTRODUCTION

Plaintiff Luis B. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 16; Dkt. 23; Dkt. 24). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On November 21, 2019, Plaintiff protectively filed applications for DIB and

SSI. (Dkt. 8 at 20, 99, 130).[1] His application was initially denied on March 2, 2020, and upon reconsideration on May 18, 2020. (*Id.* at 20, 141-60, 175-86). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 187-88), which was held on November 22, 2021 (*id.* at 43-69). On January 7, 2021, the ALJ issued an unfavorable decision. (*Id.* at 17-41). Plaintiff sought review from the Appeals Council, which denied his request on January 11, 2022. (*Id.* at 6-10). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I.    Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" within the meaning

---

[1]    In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.     Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for disability benefits. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

## I.     The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through

September 30, 2023. (Dkt. 8 at 22).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since September 1, 2019, the alleged onset date. (*Id.*). The ALJ found at step two that Plaintiff had the following severe impairments: "[p]sychotic disorder, schizoaffective disorder with manic/bipolar features, phobic anxiety disorder, cannabis use disorder, and post-traumatic stress disorder (PTSD)." (*Id.*). The ALJ further found that Plaintiff had a non-severe visual impairment. (*Id.* at 23-24).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 24). At step three, the ALJ specifically discussed the criteria of Listings 12.03, 12.04, 12.06, and 12.15. (*Id.* at 24-26).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform a full range of work at all exertional levels, with the additional limitations that Plaintiff "is able to understand, remember, and carry out short, simple instructions. He should avoid contact with the general public, but can occasionally interact with his co-workers and supervisors. He is restricted to make judgments on simple work-related decisions, with few or infrequent changes in a routine work setting." (*Id.* at 26). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id.* at 33).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 34-35). The ALJ ultimately

concluded that Plaintiff was not disabled, as defined in the Act, from September 1, 2019, through the date of the ALJ's decision. (*Id.* at 35).

## II.    <u>Remand for Further Administrative Proceedings is Required</u>

Plaintiff argues that the ALJ: (1) erred in failing to appropriately support his findings regarding Plaintiff's limitations in interacting with coworkers, supervisors, and the public; and (2) improperly relied on his own lay judgment in making an RFC finding. (*See* Dkt. 16-1 at 12-17, 19-20, 23-31). For the reasons that follow, the Court finds that the ALJ's assessment of Plaintiff's social limitations was not appropriately supported by substantial evidence. Having thus concluded, the Court need not and does not reach the other argument raised by Plaintiff.

An ALJ's RFC finding "need not perfectly match any single medical opinion in the record[.]" *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). However, the ALJ must support his conclusions with substantial evidence, and must do so in a way that "build[s] an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (original alteration omitted and quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). Remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Courts in this Circuit have recognized that "the groups of the public, supervisors, and co-workers are distinct for purposes of assessing an applicant's capacity to relate to others[.]" *Fuller v. Berryhill*, No. 17-CV-00887-LGF, 2019 WL

421484, at *4 (W.D.N.Y. Feb. 4, 2019); *see Lionel James G.L. v. Comm'r of Soc. Sec.,* No. 7:23-CV-03204-CS-GRJ, 2024 WL 2133387, at *7 (S.D.N.Y. Mar. 21, 2024), *adopted*, 2024 WL 1514148 (S.D.N.Y. Apr. 8, 2024); *Jesus O. v. Comm'r of Soc. Sec.,* No. 7:22-CV-01574-GRJ, 2023 WL 5702793, at *7 (S.D.N.Y. Sept. 5, 2023); *Valerie R. v. Comm'r of Soc. Sec.,* No. 1:19-CV-00410 EAW, 2021 WL 671597, at *3 (W.D.N.Y. Feb. 22, 2021). In cases involving claimants with these kinds of social limitations, the Court must be able to discern how the ALJ reached his conclusion as to each of these separate groups. *See Rucker v. Kijakazi,* 48 F.4th 86, 92 (2d Cir. 2022); *Christopher P. v. Comm'r of Soc. Sec.*, No. 1:21-CV-274 (JLS), 2023 WL 3984830, at *4 (W.D.N.Y. June 13, 2023).

Here, the ALJ concluded that Plaintiff needed to "avoid contact with the general public," but that he could "occasionally interact with his co-workers and supervisors." (Dkt. 8 at 26). The ALJ failed to meaningfully explain how he reached this conclusion and the Court is unable to glean his rationale. The majority of the medical opinions of record make no distinction between Plaintiff's ability to interact with the general public and his ability to interact with co-workers and supervisors. State agency reviewing psychologists Dr. O. Fassler and Dr. S Juriga opined that Plaintiff has "moderate limitations" in his abilities to work in coordination with or in proximity to others without being distracted by them, to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from peers, and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Dkt. 8 at 94, 125-27). The ALJ indicated in his

decision that he found these opinions persuasive and "consistent with and supported by the findings contained in [Plaintiff's] outpatient psychotherapy and psychiatric treatment records." (*Id*. at 32). These opinions provide no basis for determining that Plaintiff has a greater capacity to interact with co-workers and supervisors than with the public.

Treating psychiatric nurse practitioner ("NP") Obot Obot opined that Plaintiff had a "fair" ability to interact with the general public, but "poor or no[]" ability to work in coordination with or proximity to others without being unduly distracted or to accept instructions and respond appropriately to criticism from supervisors. (*Id*. at 717-19). The ALJ found that this opinion was "neither consistent with nor supported by the record as a whole" and was "not persuasive in formulating the above mental residual functional capacity assessment." (*Id*. at 32). The ALJ thus clearly did not rely on NP Obot's opinion as a basis for finding Plaintiff had a greater ability to interact with co-workers and supervisors than with the general public, both because the ALJ found NP Obot's opinion unpersuasive and because NP Obot reached the opposite conclusion.

The only explanation provided by the ALJ regarding this portion of the RFC finding is that Plaintiff "[did] allege some difficulty interacting with others and stays home throughout the day in order to alleviate his symptoms[.]" (*Id*. at 33). But this cursory explanation fails to set forth any rational basis for the distinctions drawn between the general public, co-workers, and supervisors. Counsel for defendant has tried to fill in this gap, arguing that the ALJ was relying on "Plaintiff's testimony

indicating that he is less functional among strangers than among familiar faces: that he is a 'hermit' who interacts with his family but does not go out much; that he panics in large crowds; and that he stays home to limit his symptoms." (Dkt. 23-1 at 20). But the ALJ offer this explanation, and "*post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support his conclusions by reference to substantial evidence." *Christopher P.*, 2023 WL 3984830, at *4. And in any event, while Plaintiff did testify that he had some ability to interact with his family, he further testified that he had ceased socializing with his friends. (Dkt. 8 at 61-62). Without further explanation by the ALJ, it is entirely unclear how the inability to socialize with one's own friends translates to an ability to occasionally interact with co-workers and supervisors. Nor has Defendant explained why co-workers and supervisors should be considered familiar faces on par with family members, when they would (at least initially) be strangers to Plaintiff were he to seek out new employment.

Defendant also argues that any error by the ALJ in this regard is harmless, because "correction of the purported error would not support a more restrictive RFC." (Dkt. 23-1 at 20 (quotation marks omitted)). Defendant argues that it is impossible that the ALJ could determine on remand that "Plaintiff needed to avoid contact with all three groups" because such "stringent restrictions . . . are inconsistent with record evidence documenting Plaintiff's engagement in group activities such as playing music in a band, practicing martial arts, playing video games, and socializing with friends and family." (*Id.*). This argument fails to account for the entire record. Plaintiff testified before the ALJ that he had not played in a band in approximately

two years, had not done martial arts in over a year, and had ceased socializing with his friends. (Dkt. 8 at 55-62). While the ALJ noted evidence that Plaintiff had engaged in such activities in 2018 (*see id.* at 25), that evidence is not inherently inconsistent with the conclusion that Plaintiff's capabilities in this regard had deteriorated. And it is not the Court's function to speculate as to how the ALJ would have or could have resolved any conflicts in the record. It is enough that the ALJ could have assessed a more restrictive RFC based on the evidence of record. *Cf. Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (explaining that "[r]emand is unnecessary . . . where application of the correct legal standard could lead to only one conclusion") (quotation and original alteration excluded).

The ALJ concluded, without meaningful explanation, that Plaintiff is capable of greater interaction with co-workers and supervisors than with the general public. This conclusion is not supported by the medical opinions of record, nor is it clearly consistent with Plaintiff's own testimony. Under these circumstances, "the Court is left to guess at the ALJ's reasoning, which frustrates meaningful review." *Nicole L. v. Kijakazi*, No. 6:20-CV-01576 (NAM), 2022 WL 160274, at *8 (N.D.N.Y. Jan. 18, 2022). For these reasons, the Court concludes that remand is warranted. Having reached this conclusion, the Court need not and does not reach Plaintiff's argument that the ALJ erroneously relied on his own lay opinion in reaching his RFC findings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 16) is granted to the extent that the matter is remanded for further

administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 23) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         March 20, 2026